By the Court, Bronson, J.
By the twelfth section of the non-imprisonment act, {Statutes of 1831, p. 396,) it will be seen, that the persons who are entitled to apply for a discharge under that statute, are, 1. Any person who has been committed to jail in pursuance of the preceding sections, (viz: §§ 3 to *111 9 inclusive;) 2. Any one who has given the hond specified in the fourth subdivision of the tenth section of the act, which is a bond to the complaining creditor with a condition that the defendant will apply for an assignment and discharge; and 3. Any one against whom a suit has been commenced in a court of record, in which suit the defendant cannot, by the provisions of that act, be arrested or imprisoned without resorting to the special proceedings authorized by sections 3 to 9 inclusive. The act makes no provision for the discharge of insolvent debtors generally, or, indeed, for any insolvent debtor eo nomine. It only provides for those persons who either have been, or may be arrested and imprisoned on the ground that they are fraudulent debtors. The defendant did not state any fact in his petition to bring the case within the statute under which he asked to be discharged, nor is it possible to infer from the petition any fact which would give the officer jurisdiction. The defendant says he is “ an insolvent debtor within the intent” of the statute ; but the statute does not provide for any such class of persons. It is not stated that the defendant had been committed to jail; that he had given a bond to apply for a discharge •, or that any suit had been commenced against him. The only things which could give the officer jurisdiction are wholly omitted.
The nature of the proceeding seems to have been totally misapprehended. The defendant applied for a discharge under the “ act to abolish imprisonment for debt, and to punish fraudulent debtors,” passed in 1831; but his petition was framed under the statute providing for “ voluntary assignments by an insolvent, for the purpose of exonerating his person from imprisonment.” (2 R. S. 28, Art. 5.) The prayer of the petition was, that the debtor’s estate might bé assigned u for the benefit of all his creditors, and that his person may be exempted from arrest or imprisonment by reason of any debts arising upon contracts previously made.” Under the act of 1831, as I read it, the assignment is not made for the benefit of all, but only for the benefit of a particular class of credi *112 tors 5 and the discharge does not exempt the debtor from arrest or imprisonment generally, but only exonerates him from being proceeded against for fraud by those creditors who have commenced suits. (§ 17, and 3—9.) I think the discharge only affects those creditors who either have applied, or are entitled to apply for a warrant for the arrest of the debtor under the third section of the act, and that those are the only creditors who are entitled to a dividend. But that question need not be settled on the present occasion. It is enough that the debtor applied for a discharge under the act "of 1831, without stating any fact which could give the commissioner jurisdiction to proceed under that statute.
Proceedings reversed.